UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN CLIFFORD TESMER, CHARLES
CARTER, and ALOIS SCHNELL, on behalf of
themselves and all similarly situated individuals,
and ARTHUR M. FITZGERALD and MICHAEL
D. VOGLER,

        Plaintiffs,

v                               Case No.  00-CV-10082

JENNIFER M. GRANHOLM, Attorney General
of the State of Michigan, in her official capacity;       HON. DAVID M. LAWSON
and JUDGE JOHN F. KOWALSKI, JUDGE
WILLIAM A CRANE and JUDGE LYNDA L.
HEATHSCOTT, in their official capacity,
individually and as representative of a class of
similarly situated circuit court judges,

        Defendants.

_____/

## PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION

Plaintiffs herein, John Clifford Tesmer, *et al*, by and through their attorneys, Mark Granzotto and David A. Moran, hereby move pursuant to Rule 23 of the Federal Rules of Civil Procedure for certification of a class of defendants, for the following reasons:

1.      This cause of action was instituted on March 2, 2000 pursuant to 42 U.S.C. §1983. In this case plaintiffs have challenged on federal constitutional grounds the denial of appointed appellate counsel for indigent defendants who have pleaded guilty or nolo contendere to felony charges in Michigan courts.

2.      In its original form, this case was brought on behalf of five plaintiffs. Three of these plaintiffs, John Clifford Tesmer, Charles Carter and Alois Schnell, had pleaded guilty to a felony in a Michigan Court, requested the appointment of appellate counsel and that request was denied.  the



other two plaintiffs, Arthur M. Fitzgerald and Michael D. Vogler, are attorneys who earned a portion of their income taking assigned appeals from plea based convictions.

      3.      Four defendants were named in plaintiffs' original complaint, Jennifer Granholm, Michigan's attorney general at the time, and three Michigan circuit court judges, John F. Kowalski, William A. Crane and Lynda L. Heathscott.

      4.      In their complaint, plaintiff claimed both a class of plaintiffs consisting of all indigent defendants who had pleaded guilty and been denied appointment of appellate counsel, and a class of defendants consisting of all Michigan circuit court judges.

      5.      On March 30, 2000, plaintiffs filed a motion for class certification requesting certification of both a class of plaintiffs and a class of defendants.

      6.      The district court issued a decision on March 31, 2000 granting plaintiffs' request for declaratory relief, concluding that the denial of appointed counsel to indigents pleading guilty or *nolo contendere* violated the United States constitution. *Tesmer v Granholm,* 114 F.Supp.2d 603(E.D. Mich., 2000)

      7.      The propriety of the district court's ruling was the subject of extensive appellate proceedings, concluding with the Sixth Circuit's *en banc* decision in *Tesmer v Granholm,* 333 F.3d 683 (6th Cir. 2003).

      8.      As a result of various court rulings which have been made in the course of this case, plaintiffs no longer seek certification of a class of plaintiffs.

      9.      Plaintiffs seek in this motion the certification of a class of defendants consisting of all Michigan circuit court judges.

      10.      For reasons discussed in greater detail in the attached Brief, the Defendant class satisfies all of the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure.

11.     Plaintiffs have complied with Local Rule 7.1 of the Eastern District of Michigan. On

March 28, 2000, counsel for Plaintiffs contacted Thomas Wheeker, the attorney for the defendants,

seeking his concurrence in this Motion for Class Certification. Mr. Wheeker declined to stipulate

to an order allowing class certification of both a plaintiff and defendant class.

WHEREFORE, Plaintiffs, John Tesmer, *et al*, respectfully request that this Court issue an

order certifying a class of defendants consisting of all circuit court judges in the State of Michigan,

and granting plaintiffs any other relief to which they may be entitled.

 

MARK GRANZOTTO (P31492)
Cooperating Attorney for
ACLU Fund of Michigan
414 West Fifth Street
Royal Oak, Michigan 48067
(248) 546-4649

 

DAVID A. MORAN
Cooperating Attorney for
ACLU Fund of Michigan
Wayne State University Law School
481 West Palmer St.
Detroit  MI  48202
(313) 577-4825

Dated: October 23, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN CLIFFORD TESMER, CHARLES
CARTER, and ALOIS SCHNELL, on behalf of
themselves and all similarly situated
individuals,
and ARTHUR M. FITZGERALD and MICHAEL
D. VOGLER,

        Plaintiffs,

v                                      Case No.  00-CV-10082

JENNIFER M. GRANHOLM, Attorney General
of the State of Michigan, in her official capacity;     HON. DAVID M. LAWSON
and JUDGE JOHN F. KOWALSKI, JUDGE
WILLIAM A CRANE and JUDGE LYNDA L.
HEATHSCOTT, in their official capacity,
individually and as representative of a class of
similarly situated circuit court judges,

        Defendants.

_____/

**BRIEF IN SUPPORT OF PLAINTIFFS' RENEWED
MOTION FOR CLASS CERTIFICATION**

# INDEX OF AUTHORITIES

**Cases**                                                                                    **Page**

*Afro American Patrolmen's League v Duck*, 503 F.2d 294 (6th Cir. 1974) . . . . . . . . . . . . . . . . . 4

*General Telephone Co v EEOC*, 446 US 318 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In Re American Medical Systems, Inc.*, 75 F.3d 1069 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 4

*Sprague v General Motors Corporation*, 133 F.3d 388 (6th Cir 1998) . . . . . . . . . . . . . . . . . . . . . 3


*Tesmer vs Granholm*, 333 F. 2d 683 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,7

*Tesmer v Granholm,* 114 F. Supp. 2d 603 (E.D. Mich. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Thompson v Board of Education of Romeo Comm. Schools*,
     709 F.2d 1200 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

## Court Rule

Federal Rule of Civil Procedure 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## STATEMENT OF FACTS

In 1999, the Michigan legislature passed P.A. 1999, No. 200.  That statute specified that, with some limited exceptions, a defendant pleading guilty or *nolo contendere* in a Michigan court "shall not have appellate counsel appointed for review of the defendant's conviction and sentence." MCL 770. 3a(1).  This statute was to take effect in April 2000.

On March 2, 2000, Plaintiffs fled this action under 42 U.S.C.§1983.  Plaintiffs asserted in their complaint that the denial of appointed counsel for indigents who plead guilty or *nolo contendere* violated the United States Constitution.  Plaintiffs therefore sought, among other things, a federal court declaration that the denial of appointed counsel to indigents pleading guilty or *nolo contendere* violated the United States Constitution and a declaration that P.A. 1999, No. 200 was unconstitutional.

This case was pleaded as a class action.  Plaintiffs claimed a class of plaintiffs consisting of all indigents who were  denied appointed appellate counsel after pleading to a felony charge. Plaintiffs also claimed in their Complaint a class of defendants, consisting of all Michigan circuit court judges. Complaint, ¶ 49.

On March 30, 2000, less than one month after the complaint was filed, plaintiffs filed a motion requesting the certification of both a plaintiff and a defendant class.

One day after this motion was filed, Judge Victoria A. Roberts issued a decision on plaintiffs' previously filed request for a preliminary injunction. *Tesmer v Granholm,* 114 F. Supp. 2d 603 (E.D. Mich. 2000)  Judge Roberts denied plaintiffs' request for a preliminary injunction because such a remedy was precluded by certain language contained in 42 U.S.C. §1983.  *Tesmer,* 114 F. Supp 2d at 618.  However, Judge Roberts agreed with plaintiffs that the denial of appointed appellate counsel to indigents pleading guilty or *nolo contendere* violated the United States Constitution.  As a result,

Judge Roberts issued a declaratory decree, specifying that the denial of appointed appellate counsel to indigents and the recently enacted statue, P.A. 1999, No. 200, violated the United States Constitution. *Id,* pp. 618-622.

Judge Roberts' March 31, 2000 decision initiated lengthy appellate proceedings. During these appellate proceedings, plaintiffs never obtained a hearing on their class certification motion. Plaintiffs filed their motion for class certification a second time in December 2000. No hearing took place on that motion either.

Plaintiffs now renew their motion for class certification. There has been one important procedural change since plaintiffs' original class certification motion was filed. Originally, plaintiffs asserted a plaintiff class consisting of all pleading defendants who were denied a request to appointed counsel. Based on Judge Roberts' ruling and the Sixth Circuit Court's June 17, 2003 decision in *Tesmer v Granholm,* 333 F.3d 683 (6th Cir 2003) *(en banc)*, the three individual class representatives, John Tesmer, Charles Cartor and Alois Schnell, have been dismissed from this case. As a result, plaintiffs no longer seeks certification of a plaintiff class.

Plaintiffs, however, renew their request for certification of a class of defendants.

## ARGUMENT

This motion is filed under Rule 23 of the Federal Rules of Civil Procedure. To obtain certification of such a class under that court rule, plaintiffs must satisfy four requirements specified in Rule 23(a), and meet at least one of the tests set forth in Rule 23(b). *Sprague v General Motors Corporation*, 133 F.3d 388, 397 (6th Cir 1998). Rule 23(a) states as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a)

Rule 23(b) provides that a class action may be certified if the four requirements of Rule 23(a) are satisfied and one of the following is established:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
>    (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>    (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other

3

available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Rule 23(b)

## A.   Numerosity

The first requirement provided in Rule 23(a)(1) is that, "the class is so numerous that joinder of all members is impracticable . . ." This numerosity requirement "requires examination of the specific facts of each case and imposes no absolute limitations." *General Telephone Co v EEOC*, 446 US 318, 330 (1980).

The defendant class which plaintiffs propose consists of all Michigan circuit court judges, the judges responsible for enforcing MCL 770.3a, the statute which Judge Roberts declared unconstitutional. There are in excess of 200 Michigan circuit court judges. This number makes joinder impracticable. The Sixth Circuit has held that a class of as few as thirty-five is sufficient to meet the numerosity requirement of Rule 23(a). *See Afro American Patrolmen's League v Duck*, 503 F.2d 294 (6th Cir. 1974); *In Re American Medical Systems, Inc.*, 75 F.3d 1069, 1076 (6th Cir. 1996); *Bromley v Michigan Education Association*, 178 F.R.D. 148, 162 (E.D. Mich 1958) (certifying a class of between 60 and 236 potential members).

4

**B.**     **Commonality**

Rule 23(a)(2) provides that a party proposing a class action must establish that "there are questions of law or fact common to the class. . ." This commonality requirement is clearly satisfied here.

There are without question issues of fact and law common to the proposed defendant class. Each of the judges who would be members of such a class is entrusted with the initial determination of whether counsel should be appointed to an indigent defendant who pleads guilty or *nolo contendere* and requests appointment of appellate counsel to prepare an application for leave to appeal in the Michigan Court of Appeals. Moreover, as of April 1, 2000, the law which the representative judges are to apply, P.A. 1999, No. 200, would be the same for all Michigan circuit court judges. Thus, the constitutional issue at the center of this case is a universal issue, applicable to all parties potential call members.

The commonality requirement is satisfied here.

**C.**     **Typicality**

Rule 23(a)(3) further requires that the defenses raised by the representative parties be typical of the defenses available to a defendant class. This requirement is clearly satisfied.

During the lengthy proceedings which have already taken place in this case, the named defendants have already raised a host of procedural defenses to this action. The Defendants have also submitted arguments in the district court, the Sixth Circuit and now in the Supreme Court of the United States opposing the merits of plaintiffs' constitutional claim. These defenses are typical of the defenses which could be offered by the class members.

5

The defenses raised herein by the three judges named in this case satisfy the typicality requirement of Rule 23(a)(3).

### D.   Adequacy of Representation

Finally, Rule 23(a) requires that the representative parties "will thoroughly and adequately protect the interests of the class." The Sixth Circuit has held that this requirement subsumes two considerations:

> There are two criteria for determining whether the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.

*Senter*, 532 F.2d at 524-525.

Thus, to satisfy Rule 23(a)(4)'s requirement in the context of a proposed class of defendants, "[t]he defendant class members or members named and served by the plaintiff must be represented by qualified counsel and they must have common interests with and not be antagonistic towards their fellow class members." Wright, Miller & Kane, *supra*, §1770, pp. 395-396.

Both of these considerations are satisfied here. The three named defendant class representatives have been represented throughout these proceedings by experienced members of the Attorney General's office. There can be no question that the Assistant Attorney Generals who have undertaken the representation of the named defendants have been vigorous in that representation, taking the legal issues presented in this case all the way to the Supreme Court of the United States.

In addition, as it pertains to the legal issues raised in this case, the class representatives and the class members will not have antagonistic positions.

For these reasons, Rule 23(a)(4)'s requirements are satisfied here.

6

### E.    Rule 23(b)

In addition to meeting the four requirements of Rule 23(a), the proprent of a class action must also meet one of the additional criteria provided in Rule 23(b).  This requirement is also clearly satisfied herein.

First, this case satisfies the requirements of Rule 23(b)(1).  That subsection provides that a class action is appropriate where the prosecution of separate actions against individual members of the class might create the risk of "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class."

In anticipation of the status conference conducted before this Court on October 2, 2003, plaintiffs presented the Court with a number of orders entered by Michigan circuit court judges since June 18, 2003, the date the Sixth Circuit released its decision in this case.  These circuit court orders have denied requests for appointment of appellate counsel in plea cases, thus refusing to give effect to the Sixth Circuit's constitutional ruling in *Tesmer*.  The orders previously supplied to this Court demonstrate that there is not merely the prospect of "inconsistent or varying adjudications," these inconsistent decisions are a reality.

This case also fits squarely within Rule 23(b)(2), which provides:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> * * *
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final

injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Plaintiffs would acknowledge that the situations in which a defendant class may be certified under Rule 23(b)(2) is limited. In *Thompson v Board of Education Romeo Schools*, 709 F.2d 1200 (6th Cir. 1983), the Sixth Circuit ruled that a district court had erred in certifying a defendant class under this subsection of Rule 23. The *Thompson* panel indicated that there are limited circumstances in which such a defendant class would be appropriate:

> [it is true, as the district court indicated, that in very limited circumstances some courts have been willing to recognize a defendant class under Rule 23(b)(2). These circumstances, however, generally have been restricted to situations where the individual defendants are all acting to enforce "a locally administered state statute or similar administrative policies." *Greenhouse v Greco*, 617 F.2d 408, 413, n. 6(5th Cir. 1980].

This case fits squarely within the narrow circumstances in which a defendant class may be certified under Rule 23(b)(2). Here the declaratory relief is being sought against the defendants and the class they represent based on their potential enforcement of a Michigan statute, MCL 780.3a, which violates the constitutional rights of indigents pleading guilty or *nolo contendere*. This is therefore, an appropriate case for certification under Rule 23(b)(2).

## CLASS CERTIFICATION AND STANDING

At the status conference conducted on October 2, 2003, counsel for the defendants opined that class certification would be improper because the remaining plaintiffs would not have standing to pursue a class action against a class of defendants. Defendants' counsel noted that the remaining plaintiffs, Arthur Fitzgerald and Michael Vogler, are qualified to accept assigned appeals in certain

counties, but they are not qualified to accept assigned appeals in every county. Therefore, the defendants' counsel suggested that a defendant class is inappropriate on standing grounds since Mr. Fitzgerald and Mr. Vogler do not have a cause of action against *every* potential defendant class member.

The defendants' standing argument must fail under the Sixth Circuits' ruling in *Thompson, supra.* In *Thompson,* the Court noted the general rule that a plaintiff in a class action "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." 709 F.2d at 1204. There are, as the *Thompson* Court noted, two exceptions to this general rule, one of which is clearly applicable here.

This exception exists in cases where all of the defendants are "juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id,* p. 1205. As the Sixth Circuit held in *Thompson*, this exception is most often found:

> Where all members of the defendant class are officials of a single state and are charged with enforcing or uniformly acting in accordance with a state statute, or common rule or practice of state-wide application, which is alleged to be unconstitutional.

The class of defendants proposed in this case are, in fact, officials of a single state who are responsible for enforcing a statute of statewide application which is alleged to be unconstitutional. Under the standing analysis employed by the Sixth Circuit in *Thompson*, the remaining plaintiffs have standing to bring their constitutional claims against a defendant class.

III  **CONCLUSION**

Based on the foregoing, Plaintiffs would request that this court certify a class of defendants consisting of all Michigan circuit court judges.

Respectfully submitted,

MARK GRANZOTTO (P31492)
Cooperating Attorney for
ACLU Fund of Michigan
414 West Fifth Street
Royal Oak, Michigan 48067
(248) 546-4649

DAVID A. MORAN
Cooperating Attorney for
ACLU Fund of Michigan
Wayne State University Law School
481 West Palmer St.
Detroit  MI  48202
(313) 577-4825

Dated: October 23, 2003

10